**STATE of Tennessee, Appellant,**

v.

**James Michael KERLEY, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

April 3, 1991.

Permission to Appeal Denied by Supreme Court Aug. 5, 1991.

Charles W. Burson, Atty. Gen. and Reporter, Amy L. Tarkington, Asst. Atty. Gen., Nashville, Al Schmutzer, Jr., Dist. Atty. Gen., Sevierville, James Gass, Asst. Dist. Atty. Gen., Newport, for appellant.

Kimberly A. Parton, Newport, for appellee.

## OPINION

WILLIAM M. DENDER, Special Judge.

This is an appeal as of right by the State from a judgment, entered by the trial court on October 27, 1989, setting aside the petitioner's conviction for first degree murder and granting his request for a new trial.

The issue presented for review is whether the trial court erred in granting the petition for post-conviction relief.

After a careful review of the record we respectfully conclude that the trial judge did err; and the judgment below is reversed, and the petition is dismissed.

Attorney Laws was originally appointed to represent the petitioner in General Sessions Court, and she was later appointed to represent him in Criminal Court. The record reveals that Attorney Laws had received her license to practice law only a few months before this trial, even though she had clerked in a law office for some period of time before that, and had assisted in developing trial strategy and case investigation. The judge also asked Attorney Ball, in whose office Attorney Laws was working, to assist her with this case, even though Attorney Ball was not formally appointed. Attorney Ball was in the U.S. Court of Appeals on the trial date in Criminal Court, and Attorney Dunn, who was from the same office and had tried 12 first degree murder cases previously, was appointed to assist in the trial of the case.

The original pro se petition for post-conviction relief, filed June 29, 1989, is based upon (1) ineffective assistance of counsel, (2) misconduct by the trial judge and (3)

misconduct of the prosecutor. We note that number (2) has been previously determined by this court, on direct appeal, by opinion entered September 9, 1986. Petitioner has not presented evidence, argument or citation of authorities in support of ground number (3). Accordingly this ground has been waived. Rule 10(b), Rules of Ct. of Crim.App.

In the original pro se petition the ineffective assistance of counsel claim was based upon the following:

> The trial attorney abrogated his duties to his client, by allowing motions to be heard in camera, not in open court as the law states. By not objecting to an erroneous charge to the jury by the court. By not insisting upon expert legal witnesses for the defense and by not making a proper investigation of the alibi of the defendant/petitioner.

Counsel was appointed to represent petitioner, and another petition for post-conviction relief was filed by counsel on October 23, 1989, and that petition alleged that ineffective assistance of counsel violated petitioner's Sixth Amendment rights. Paraphrasing petitioner's grounds for his claim, he alleges that counsel:

> (1) Did not attempt sufficient plea bargaining negotiations.

> (2) Failed to file a motion for a mental examination.

> (3) Failed to request a change of venue.

> (4) Did not properly or adequately advise or confer with petitioner prior to trial, and did not request a continuance to enable Attorney Dunn to do so.

> (5) Did not properly or adequately investigate the case, did not obtain expert proof concerning the eyesight of witness Ruel Gray, and did not object to certain photographs.

> (6) Did not subpoena or call witnesses as to blood and mucus on the clothing of a co-defendant, petitioner's character, and petitioner's demeanor and actions during the first search of the hillside at the scene.

> (7) Did not effectively cross-examine witnesses called by the state.

The only evidence presented by petitioner at the evidentiary hearing was his own testimony. The State presented the testimony of Attorney Laws and Attorney Dunn.

■ In a post-conviction relief proceeding, the burden is on the petitioner to prove by a preponderance of the evidence the allegations in the petition, *Bratton v. State,* 477 S.W.2d 754 (Tenn.Crim.App. 1971).

The first ground alleged by petitioner simply is not substantiated by the record, and in fact, the exact opposite is shown by the testimony of Attorney Laws and Attorney Dunn, and verified by statements of the trial judge.

■ The second ground alleged by petitioner concerning a mental examination fails to show ineffective assistance of counsel because (1) counsel and the trial judge found no indication that the petitioner acted in any way different from a normal person, and without some indication that petitioner was not in complete control of his actions, there is no valid reason to request a mental examination, and (2) petitioner has not produced any evidence of any potential prejudice supposedly caused by a failure to give him a mental examination. Petitioner has not entered any proof that he was incapacitated because of any mental condition, either at the time of the crime or at any time between the commission of the crime and the conclusion of the trial. Petitioner has totally failed to show any potential prejudice arising out of this allegation.

■ The third alleged ground fails to show ineffective assistance of counsel because of total failure to show any prejudice. The trial judge stated in his judgment, filed October 27, 1989, as follows:

> In retrospect, having viewed the jury selection process, the Court is now satisfied that a fair and impartial jury was selected and that a motion for a change of venue would have been futile had it been asserted.

It also noted that Attorney Bowman, a very experienced trial lawyer, did not file a

motion for change of venue for the co-defendant.

■ The fourth alleged ground fails to show ineffective assistance of counsel because the record clearly shows that Attorney Laws did properly and adequately advise and confer with the petitioner; and that she spent several hours conferring with the petitioner, in addition to the lengthy investigation and the preparation for trial, including witness interviews, three visits to the scene of the crime, discussion with counsel for co-defendant, preparation of motions, discussion of the case on several occasions with Attorney Ball, taking pictures, plea negotiations and numerous other actions on behalf of petitioner.

We are of the opinion that it was not necessary for Attorney Dunn to retrace all of the steps made by Attorney Laws, and that there was no requirement that he ask for a continuance. We perceive his mission to be one of simply guiding and assisting a young attorney in the trial of the case, and there is proof that he performed that task well. The trial judge stated at the evidentiary hearing, following the introduction of evidence, as follows:

It was a well tried law suit. General Schmutzer prosecuted and I don't remember who was helping him, but it was a well prosecuted law suit. The Court has no uneasiness about the representation of counsel at the trial itself. The fact that Mr. Dunn came in at a late, late hour does not escape the Court's attention. Mr. Dunn did an excellent job as he always does.

The fifth alleged ground fails to show ineffective assistance of counsel because the record reveals that Attorney Laws made an extensive investigation of this case, and there is no evidence of any prejudice because expert proof was not gotten concerning the eyesight of the witness, Ruel Gray, or because no objection was made to the introduction of certain photographs.

■ The sixth alleged ground fails to show ineffective assistance of counsel because the decision to call, or not call, certain witnesses is clearly a strategic and tactical decision, and such decisions are not to be measured by hindsight.

Hindsight can always be utilized by those not in the fray so as to cast doubt on trial tactics a lawyer has used. Trial counsel's strategy will vary even among the most skilled lawyers. When that judgment exercised turns out to be wrong or even poorly advised, this fact alone cannot support a belated claim of ineffective counsel. *Robinson v. United States*, 448 F.2d 1255 at 1256 (8th Cir. 1971); *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn.1982).

This court does not sit to second guess strategic and tactical choices made by trial counsel. However, when counsel's choices are uninformed because of inadequate preparation, a defendant is denied the effective assistance of counsel. *United States v. De–Coster*, 487 F.2d 1197 at 1201 (D.C.Cir.1973); *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn.1982).

The record clearly shows that Attorney Laws made extensive preparation for this case.

Counsel made a conscious decision not to use character witnesses because she felt co-defendant's attempt to use character witnesses had created a bad impression with the jury.

We also note that there was no evidence that the failure to call witnesses concerning blood and mucus on the clothing of a co-defendant, petitioner's character, or petitioner's demeanor and actions during the first search of the hillside at the scene has in any way prejudiced the petitioner.

■ The seventh alleged ground also fails to show ineffective assistance of counsel because (1) there has been absolutely no evidence introduced that the petitioner was prejudiced by inadequate cross-examination, and (2) cross-examination is a strategic and tactical decision of trial counsel, which is not to be measured by hindsight.

Even though he did not allege it as a ground in his written pleadings, petitioner testified that he asked Attorney Laws for

pictures of the scene, and that she did not give him such pictures. We note that Attorney Laws did take pictures of the scene, and we find no duty on the part of appointed counsel in this case to furnish copies of pictures to the petitioner. Petitioner has not shown any prejudice whatsoever on this claim.

 Petitioner's uncorroborated testimony is insufficient to carry the burden of proof, where the judgment is regular upon its face and entitled to the presumption of validity. *Swaw v. State,* 3 Tenn.Cr.App. 92, 457 S.W.2d 875, 876 (1970); *Morgan v. State,* 1 Tenn.Cr.App. 454, 445 S.W.2d 477, 480 (1969). Conclusory statements in petitioner's testimony and conclusory statements made by counsel in petitioner's brief are not evidence of ineffective assistance of counsel or evidence of prejudice to the petitioner.

An exhaustive study of the Sixth Amendment requirement that a criminal defendant receive effective assistance of counsel is contained in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reviewing court must indulge in a strong presumption that counsel's conduct falls within the range of reasonable professional assistance. *Id.,* 104 S.Ct. at 2065–66. The record contains no evidence to overcome such presumption.

A careful review of the record leaves us with the impression that the learned trial judge stated numerous correct reasons for dismissing the petition for post-conviction relief, but in the final analysis sustained the petition, not because of ineffective assistance of counsel, but because of extreme caution on the part of the trial judge, influenced by the fact that Attorney Laws had just recently received her law license and the fact that the verdict of the jury required a life sentence for the petitioner. The trial judge previously approved the jury verdict, entered judgment, and in the evidentiary hearing stated that the evidence was sufficient for conviction.

We are not unmindful of the serious consequences of the sentence imposed upon the petitioner; but he was afforded a fair trial before a jury with the effective assistance of counsel; and being fully informed of the consequences of a verdict of guilty of first degree murder, the jury returned that verdict after a two day trial. The judgment entered in that case was upheld on direct appeal. Also, there is no credible evidence that counsel caused any prejudice to the petitioner.

 On appeal, the trial judge's findings of fact are given the weight of a jury verdict and are conclusive unless this Court finds that the evidence preponderates against the findings. *Graves v. State,* 512 S.W.2d 603 (Tenn.Crim.App.1973).

We respectfully find that the evidence preponderates against the findings of the trial judge, and we find no valid reason in the record for granting post-conviction relief.

The judgment of the trial court is reversed, and the petition for post-conviction relief is dismissed.

DWYER and JONES, JJ., concur.