# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JUNE SESSION, 1997

FILED

July 16, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| JASON EMERY DODD, | ) | C.C.A. NO. 02C01-9608-CC-00273 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | HARDIN COUNTY |
| VS. | ) | |
| | ) | HON. C. CREED McGINLEY |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CIRCUIT COURT OF HARDIN COUNTY

FOR THE APPELLANT:

STEPHANIE L. PRENTIS
615 Court Street
Savannah, TN 38372

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243

ROBERT RADFORD
District Attorney General

JOHN OVERTON
Assistant District Attorney
Hardin County Courthouse
Savannah, TN 38372

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Petitioner appeals as of right from the trial court's denial of his petition for post-conviction relief. The Petitioner pleaded guilty to arson and was sentenced as a Range I standard offender to three years to be served in community corrections. Subsequently, the Petitioner was found to have violated the terms of his community corrections sentence and he was resentenced to five years in the Department of Correction. In the post-conviction proceeding, the Petitioner sought relief on the grounds that he received ineffective assistance of counsel and that his guilty plea was thus not knowing and voluntary. The trial court denied relief. We affirm the judgment of the trial court.

In determining whether counsel provided effective assistance at trial, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To succeed on a claim that his counsel was ineffective at trial, a Petitioner bears the burden of showing that his counsel made errors so serious that he was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the Petitioner resulting in a failure to produce a reliable result. Strickland v. Washington, 466 U.S. 668, 687, reh'g denied, 467 U.S. 1267 (1984); Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). To satisfy the second prong the Petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding Petitioner's guilt. Strickland, 466 U.S. at 695. This reasonable

probability must be "sufficient to undermine confidence in the outcome." Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994).

When reviewing trial counsel's actions, this court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Counsel's alleged errors should be judged at the time they were made in light of all facts and circumstances. Strickland, 466 U.S. at 690; see Cooper, 849 S.W.2d at 746.

This two part standard of measuring ineffective assistance of counsel also applies to claims arising out of the plea process. Hill v. Lockhart, 474 U.S. 52 (1985). The prejudice requirement is modified so that the Petitioner "must show that there is a reasonable probability that, but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

At the post-conviction hearing, the Petitioner testified that his guilty plea was coerced by his attorney. He said that his attorney did not obtain any "statements" and did not explain to him the consequences of his guilty plea. He said that he did not understand that if he violated the terms of his community corrections sentence he could be resentenced to incarceration.

The only other witness to testify at the post-conviction hearing was the attorney who represented the Petitioner at the guilty plea. The testimony of the attorney contradicted that of the Petitioner on every pertinent point. Also presented at the post-conviction hearing were the transcripts from the guilty plea proceeding and the transcript of the original sentencing hearing. These

transcripts reflect that the Petitioner was fully informed of his constitutional rights and the consequences of his plea agreement. The post-conviction judge determined that the Petitioner received the effective assistance of counsel and that his guilty plea was voluntarily, knowingly, and intelligently entered. The court found "no credible evidence to indicate that the Petitioner is entitled to any type of relief."

The Tennessee Supreme Court has stated:

> For the plea to be acceptable it must be voluntary. That does not mean that the defendant would want to plead guilty if he or she had the option available to go free. The option available is to go to trial, with its uncertainties, or to plead guilty. The knowledge that is most relevant to this decision of the accused pertains to the rights that are available to him or her upon a trial that are given up by pleading guilty.

State v. Neal, 810 S.W.2d 131, 135 (Tenn. 1991).

The purpose of an appellate court when reviewing whether a defendant has made a voluntary, knowing, and intelligent plea is to ensure that the defendant has willingly waived those rights guaranteed him through the Constitution, that would be available to him if he went to trial, with no hint of improper coercion. We believe the record supports the trial judge's conclusion that the guilty plea was voluntarily, knowingly and intelligently entered.

The resolution of the factual issues raised by the Petitioner was determined by the trial court after a hearing in which both the Petitioner and the Petitioner's former counsel testified. A petitioner must prove allegations of fact by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (Supp. 1996). The trial judge weighed the testimony of the witnesses and found that the Petitioner had

failed to carry the burden of proof to support his claims, which the Petitioner must do to prevail. State v. Kerley, 820 S.W.2d 753, 755 (Tenn. Crim. App. 1991). This Court is bound by the findings of the trial judge on the factual determinations unless the evidence preponderates against the findings. Rhoden v. State, 816 S.W.2d 56, 59 (Tenn. Crim. App. 1991). We conclude that the evidence supports the findings of the trial judge. We find no error of law requiring reversal.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
PAUL G. SUMMERS, JUDGE

_____
JOE G. RILEY, JUDGE