# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### JULY 1996 SESSION



**FILED**

**August 19, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| WAYNE DILLARD CARVER | ) | C.C.A. NO. 03C01-9703-CR-00096 |
| | ) | |
| Petitioner/Appellant | ) | POLK  COUNTY |
| | ) | |
| v. | ) | HON. RICHARD BAUMGARTNER, |
| | ) | JUDGE |
| | ) | |
| STATE OF TENNESSEE, | ) | Post-conviction |
| | ) | felony-murder |
| Respondent/Appellee | ) | |


<u>**For the Appellant:**</u>

Laura Rule Hendricks
606 W. Main Street, Suite 350
P.O. Box 84
Knoxville, TN 37901-0084

<u>**For the Appellee:**</u>

John Knox Walkup
Attorney General & Reporter

Peter M. Coughlin
Assistant Attorney General
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

Randall E. Nichols
District Attorney

Ms. Marsha Selecman
Assistant District Attorney General
District Attorney General's Office
City-County Building
Knoxville, TN 37902


OPINION FILED _____


AFFIRMED.


JOHN K. BYERS
SENIOR JUDGE

## OPINION

The petitioner was convicted of murder during the commission of a felony on April 9, 1987 by jury trial, and he was sentenced to life in prison for this crime. On March 5, 1991, he filed a petition for post-conviction relief claiming incompetence of counsel. The trial judge denied the petition of the Appellant.

Petitioner alleged that his attorney was ineffective by: 1) forcing the defendant to testify on his own behalf; 2) not objecting when one of the police officers testified that the Appellant had been previously convicted of a felony and had served time in the state penitentiary; 3) failing to move for judgment of acquittal at the end of the State's case in chief; 4) failing to ascertain through discovery when the Appellant first became a suspect; 5) failing to question the expert on the effects of ritalin and demerol on the mind when taken in combination; 6) failed to object or adequately cross examine the State's witness when the testimony suggested the Appellant had forged the victim's name on a car title, and, by inference, that the Appellant murdered the victim in order to facilitate the theft of the vehicle.

We affirm the decision of the trial court.

In a post-conviction relief proceeding, the burden is upon the petitioner to prove the allegations in his petition by a preponderance of the evidence. *State v. Kerley*, 820 S.W.2d 753, 755 (Tenn. Crim. App. 1991); *Bratton v. Kerley*, 477 S.W.2d 754 (Tenn. Crim. App. 1971). On review of the post conviction proceedings, the trial court's findings of fact are conclusive on appeal unless the evidence preponderates against the judgment. *Cooper v. State*, 849 S.W.2d 744, 746 (Tenn. 1993).

In the post-conviction hearing, the trial court heard the testimony of the petitioner and his former counsel. After considering the testimony, the trial judge found that the petitioner failed to prove his allegations by a preponderance of the evidence, and denied the petition for post-conviction relief. We find that the evidence does not preponderate against the findings of the trial judge in this case. We affirm the judgment of the trial court.

2

_____

John K. Byers, Senior Judge

CONCUR:

_____

David H. Welles, Judge

_____

Thomas T. Woodall, Judge

3