# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### OCTOBER 1997 SESSION

FILED

November 13, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

|  |  |
|---|---|
| **DAVID HASSELL,** | ) |
|  | ) C.C.A. No. 02C01-9611-CR-00396 |
| Appellant, | ) |
|  | ) Shelby County |
| V. | ) |
|  | ) Honorable W. Fred Axley, Judge |
|  | ) |
| **STATE OF TENNESSEE,** | ) (Post-Conviction) |
|  | ) |
| Appellee. | ) |

FOR THE APPELLANT:

Elbert E. Edwards, III
Attorney at Law
46 North Third Street, Suite 824
Memphis, TN 38103

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Elizabeth B. Marney
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

William L. Gibbons
District Attorney General

C. Alanda Horne
Judson W. Phillips
P. T. Hoover
Assistant District Attorneys General
201 Poplar Avenue, 3rd Floor
Memphis, TN 38103

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, David Hassell, was convicted by a jury of first degree murder. He was sentenced to life imprisonment. On direct appeal we affirmed his conviction. He then filed a petition for post-conviction relief alleging that he received ineffective assistance of counsel. After a hearing, the trial court denied the petition, finding that the appellant had failed to prove any of the allegations in his petition. He appeals the dismissal of his petition. Upon review, we affirm.

The appellant contends that his trial counsel was ineffective for failing to adequately investigate his case. Specifically, he contends that his trial counsel only briefly discussed his case with him, failed to contact his witnesses, and erroneously advised him not to testify at trial.

In order for the appellant to be granted relief on the grounds of ineffective assistance of counsel, he must establish that the advice given or the services rendered were not within the competence demanded of attorneys in criminal cases and that, but for his counsel's deficient performance, the result of his trial would have been different. Strickland v. Washington, 466 U.S. 668 (1984). The presumption is that the attorney rendered effective assistance, and the burden is on the appellant to prove both that the assistance was ineffective and that such ineffectiveness caused the appellant to suffer prejudice. Hartman v. State, 896 S.W.2d 94, 104 (Tenn. 1995). In a post-conviction proceeding an appellant's uncorroborated testimony is insufficient to carry this burden of proof. State v. Kerley, 820 S.W.2d 753, 757 (Tenn. Crim. App. 1991).

At the post-conviction hearing, a sworn affidavit from the appellant's trial counsel was introduced into evidence.[1] This affidavit recounts the actions he took in preparation for the appellant's trial. Also, his trial attorney's wife testified

---

[1]The appellant's trial counsel died prior to the post-conviction hearing. The appellant, however, had filed a complaint against his counsel with the Board of Professional Responsibility. The sworn affidavit is the attorney's response to the appellant's complaint.

that she assisted him in preparing for the appellant's trial.[2]  Finally, the prosecuting attorney testified.  All of these witnesses indicate that the appellant's attorney engaged in extensive discovery.  Although the appellant apparently felt animosity toward his attorney, the attorney adequately represented the appellant's best interest at trial.  We find the appellant's allegations unsubstantiated and questionable.

The state had substantial evidence against the appellant.  The record before us reveals that the appellant's counsel performed effectively.  The appellant has failed to carry his burden.  Accordingly, the judgment of the trial court is affirmed.

_____

PAUL G. SUMMERS, Judge

_____

[2]Trial counsel's wife is a licensed attorney.

-3-

CONCUR:

_____
JOHN H. PEAY, Judge          -4-

_____
DAVID G. HAYES, Judge