IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 10, 2007

**TERRANCE BURKE v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. P 26889     W. Fred Axley, Judge**

---

**No. W2006-02131-CCA-R3-PC  - Filed August 29, 2007**

---

The Appellant, Terrance Burke, appeals the judgment of the Shelby County Criminal Court denying his petition for post-conviction relief.  On appeal, Burke argues that he was denied his Sixth Amendment right to the effective assistance of counsel.  After a review of the record, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Paul K. Guibao, Memphis, Tennessee, for the Appellant, Terrance Burke.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; William L. Gibbons, District Attorney General; and Tracye Jones, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Procedural History**

The facts underlying the Appellant's conviction were recited in the direct appeal to this court as follows:

> Officers Lowell Duke and Dorothy Hyman testified that at approximately 10:00 p.m. on January 19, 1998, they observed the [Appellant] run a red light in Memphis.  The officers testified that they turned on their lights and sirens and pursued the [Appellant].  Duke testified that the [Appellant] was speeding in excess of 100 miles an hour and that he was driving erratically.  Finally, the

[Appellant's] car appeared to have mechanical problems and stopped.
Officers Duke and Hyman arrested the [Appellant].

*State v. Terrance Burke*, No. W2000-02614-CCA-R3-CD, (Tenn. Crim. App. at Jackson, Apr. 26, 2002). As the result of a police investigation, the Appellant was later implicated as being involved in the shooting and robbery of Byron Lewis that occurred on January 5, 1998, and the subsequent shooting of Samuel Jones.

The Appellant was indicted by a Shelby County grand jury for criminal attempt to commit first degree murder, especially aggravated robbery, and intentionally evading arrest in an automobile. Following a jury trial, the Appellant was acquitted of criminal attempt to commit first degree murder and especially aggravated robbery, but he was found guilty of intentionally evading arrest in an automobile, a Class E felony. Based upon the trial court's finding that the Appellant had six prior felony convictions, the Appellant was sentenced to six years in confinement as a career offender. On direct appeal, this court reversed the judgment and remanded to the trial court with instructions that the Appellant be re-sentenced as a Range III, persistent offender. *Id*.

On November 15, 2002, the Appellant filed a *pro se* petition for post-conviction relief, alleging that he received ineffective assistance of counsel. The post-conviction court appointed counsel to represent the Appellant, and an amended petition was filed. On March 9, 2006, the post-conviction court held an evidentiary hearing at which the Appellant and trial counsel provided testimony, and the transcript of trial counsel's opening and closing statements from trial and a motion for new trial were admitted as exhibits. On August 28, 2006, the post-conviction court entered a written order denying the Appellant post-conviction relief.

**Analysis**

On appeal, the Appellant's argument is limited to the issue of whether trial counsel ignored or neglected to defend against the charge of intentionally evading arrest in an automobile at trial, in pursuit of defending the Appellant from charges of attempted first degree murder and especially aggravated robbery, the two crimes for which he was acquitted by the jury. The Appellant asserts that the evading arrest charge "was not even mentioned in [trial counsel's] opening statement," and that trial counsel "only briefly mentioned" this offense at trial. The Appellant acknowledged that he discussed his defense to the evading arrest charge with trial counsel several times prior to trial, but that trial counsel "largely ignored or brushed aside" his concerns as to this charge. The Appellant cites his acquittal by the jury of the two more serious felonies and trial counsel's testimony from the post-conviction proceedings, that the jury did not consider the State's witnesses to be credible, in support of his assertion that "it is not unreasonable to think that had counsel worked as diligently on the charge of intentionally evading arrest in an auto[mobile] the results of the trial would have been different."

In order to prevail on a post-conviction petition, the petitioner must establish that his conviction or sentence is void or voidable due to the abridgement of a constitutional right. T.C.A.

§ 40-30-103 (2003); *Howell v. State*, 151 S.W.3d 450, 460 (Tenn. 2004). The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. T.C.A. § 40-30-110(f) (2003). Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence. *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 n.3 (Tenn. 1992).

Our supreme court has articulated the appropriate standard to be applied when this court reviews post-conviction proceedings:

> A trial court's findings of fact are conclusive on appeal unless the evidence in the record preponderates against them. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). When reviewing factual issues, the appellate court will not re-weigh or re-evaluate the evidence; moreover, factual questions involving the credibility of witnesses or the weight of their testimony are matters for the trial court to resolve. *Henley v. State*, 960 S.W.2d 572, 579 (Tenn. 1997). When reviewing legal issues, however, or a mixed question of law and fact such as an ineffective assistance of counsel claim, the appellate court's review is de novo with no presumption of correctness. *State v. Burns*, 6 S.W.3d at 461.

*Nichols v. State*, 90 S.W.3d 576, 586 (Tenn. 2002).

Both the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Tennessee Constitution guarantee a criminally accused the right to representation by counsel. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). The United States Supreme Court and our supreme court have recognized that the right to such representation encompasses the right to "reasonably effective" assistance, that is, within the range of competence demanded of attorneys in criminal cases. *Id.* To establish ineffective assistance of counsel, the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense. *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984); *Overton v. State*, 874 S.W.2d 6, 11 (Tenn. 1994); *Butler v. State*, 789 S.W.2d 898, 899 (Tenn. 1990)). To prove a deficiency in representation, the petitioner must show that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms. *Goad*, 938 S.W.2d at 369 (citing *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065, 80 L. Ed. 2d at 694; *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975)). To establish that a deficiency resulted in prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Goad*, 938 S.W.2d at 370 (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698)).

Our supreme court has held that, in reviewing counsel's conduct under the facts and circumstances of a case:

> a "fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *see also Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982) (counsel's conduct will not be measured by "20-20 hindsight"). The fact that a particular strategy or tactic failed or hurt the defense, does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation. *Hellard*, 629 S.W.2d at 9; *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

*Goad*, 938 S.W.2d at 369.

In the post-conviction proceedings held below, the Appellant testified as to several aspects of the representation provided by trial counsel, which he believed constituted deficient performance by which he was prejudiced. The Appellant testified that during trial counsel's opening statement, "he never mentioned intentionally evading arrest in an auto[mobile]" and that "[t]he only thing he mentioned was the first-degree murder and especially aggravated robbery." The Appellant further testified that, with regard to trial counsel's closing statement, "[h]e didn't add enough emphasis concerning the details of [the Appellant's] innocence far as [sic] in the closing statement when he mentioned it." The Appellant asserts that he had wanted to defend against the evading arrest charge by claiming that his car windows had been so darkly tinted that he had not noticed the arresting police officers' blue lights when they attempted to pull him over. The Appellant testified that trial counsel "didn't say nothing [sic] about the car tint" during trial. He acknowledged that he had met with trial counsel several times to discuss the case prior to trial. The Appellant claimed that he had requested that trial counsel subpoena a particular witness, a passenger of the car named Mario LaFleur, to provide testimony about this issue, but that trial counsel had not done so.

Trial counsel provided testimony at the post-conviction hearing in which he denied the Appellant's assertions that he had not fully prepared a defense for the charge of intentionally evading arrest in an automobile. He testified that he had met with the Appellant both in person and spoken to him on the phone many times, and that he prepared a defense for all of the charges. Trial counsel stated that the Appellant had been very helpful during their discussions, and that they had spent a lot of time "reading over the discovery, reading all the transcripts of previous testimony, transcripts from motions, discussing strategy, discussing witnesses and discussing everything that [they] expected to happen at the trial." Trial counsel testified that he and the Appellant did not discuss any issues related to the car's tinted windows. He stated that he had become aware that the Appellant's car windows were tinted from reading the statements of the arresting officers. However, he testified

that any defense related to the tinted windows would have been inconsistent with the Appellant's position at trial, which had been that the Appellant had not immediately pulled over because he was in a darkly lit area, that he had been afraid that the police officers might "beat [him] up or do something to [him]," and that he had waited until he had reached a more illuminated area before pulling his car to a stop. Trial counsel agreed that he did not discuss the evading arrest charge in his opening statement, but that he addressed this charge in his closing argument.

Trial counsel recalled that his decision not to call Mario LaFleur as a witness was based upon LaFleur's prior criminal record and a prior statement by LaFleur implicating the Appellant on the especially aggravated robbery charge. Trial counsel stated that while LaFleur's testimony "might have been helpful for the evading arrest [charge], it was definitely going to be harmful for everything else – for the especially aggravated robbery and the attempt[ed] murder [charges]." Trial counsel testified that he had called two witnesses concerning the evading arrest charge: a police officer named Howell, and the Appellant's brother, Caleb Burke. Trial counsel further testified that the purpose of his examination of these witnesses was to obtain testimony regarding the condition of the Appellant's car when it was impounded after his arrest. To counter the State's position that the Appellant had finally stopped his vehicle because his "engine had been blown or that the car was destroyed in any way[,]" trial counsel questioned Caleb Burke, who testified that he had come to the impound lot to retrieve the Appellant's car and had driven it off the lot.

The decisions not to pursue the purported tinted window defense and not to call Mr. LaFleur as a defense witness were clearly tactical and strategic choices made by trial counsel. It is not the function of this court to "second guess" tactical and strategic choices pertaining to defense matters or measure a defense attorney's representation by "20-20 hindsight" when deciding the effectiveness of trial counsel. *See Campbell v. State*, 904 S.W.2d 594, 596 (Tenn. 1995); *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982). Our deference to matters of strategy and tactical choices by counsel applies if the choices are informed ones based upon adequate preparation. *See Goad*, 938 S.W.2d at 369. The post-conviction court specifically found that the Appellant's present argument, that trial counsel had not adequately prepared a defense for the evading arrest charge, was without merit. After a thorough review of the record and the arguments submitted by the parties, we have determined that the evidence does not preponderate against this finding. Furthermore, because the Appellant has failed to substantiate his claim that trial counsel was deficient in failing to mention the evading arrest charge in his opening statement, we find this argument unavailing.

Additionally, the Appellant failed to offer any evidence that he was prejudiced by the decisions of trial counsel, relying instead on conclusory statements in his appellate brief. Again, to establish ineffective assistance of counsel, the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense. *Goad*, 938 S.W.2d at 369. The Appellant argues that "it is not unreasonable to think that had counsel worked as diligently on the charge of intentionally evading arrest in an auto[mobile] the results of the trial would have been different." Conclusory statements in a petitioner's testimony and conclusory statements made by counsel in a petitioner's brief are not evidence of ineffective assistance of counsel or evidence of prejudice to the petitioner. *State v. Kerley*, 820 S.W.2d 753, 757 (Tenn.

Crim. App. 1991). Because the Appellant has failed to establish that trial counsel's representation constituted deficient performance, as well as any resulting prejudice, we affirm the judgment of the post-conviction court denying the Appellant relief.

**CONCLUSION**

Based upon the foregoing, the judgment of the post-conviction court is affirmed.

_____

DAVID G. HAYES, JUDGE