# IN THE TENNESSEE COURT OF CRIMINAL APPEALS

## AT JACKSON

_____JULY SESSION, 1998

FILED

November 9, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

THOMAS EDWARD MURPHY, JR.,    )
                              )
    Petitioner,              )  C.C.A. NO. 02C01-9710-CC-00378
                              )
VS.                           )  FAYETTE COUNTY
                              )
STATE OF TENNESSEE,           )  HONORABLE JON KERRY BLACKWOOD
                              )
    Respondent.              )  (Post-Conviction: Second Degree Murder)

For the Petitioner

Andrew S. Johnston
108 E. Court Square
Somerville, TN 38068

For the Respondent

John Knox Walkup
Attorney General and Reporter

Clinton J. Morgan
Assistant Attorney General
425 Fifth Avenue South
Nashville, TN 37243-0493

Elizabeth T. Rice
District Attorney General
302 Market Street
Somerville, TN 38068-1600

OPINION FILED:_____

AFFIRMED

ROBERT W. WEDEMEYER, SPECIAL JUDGE

**OPINION**

The petitioner appeals the trial court's dismissal of his petition for post-conviction relief. The petitioner was originally convicted of the second degree murder of his daughter and was sentenced to eighteen years imprisonment. State v. Thomas Edward Murphy, Jr., No. 02C01-9502-CC-00032 (Tenn. Crim. App., June 28, 1996), perm. to app. denied, (Tenn., Dec. 23, 1996). The petition filed below challenges various aspects of counsel's effectiveness, prosecutorial misconduct and trial court errors. After conducting a hearing, the post-conviction court found that the petitioner received effective assistance of counsel. In the order outlining its findings and conclusions, the trial court did not specifically address the other claims raised in the petition. On appeal, however, the petitioner only raises the following two issues for our review:

1) Whether the petitioner was denied due process by the trial court's failure to instruct the jury on the lesser charge of voluntary manslaughter; and

2) Whether the petitioner received effective assistance of counsel.

After reviewing the record before the Court, including the petition filed below, we affirm the judgment of the trial court dismissing the petitioner's post-conviction petition.

**ANALYSIS**

**1)** Initially, we note that the petitioner challenges for the first time on appeal the trial court's failure to instruct on the lesser charge, as well as counsel's failure to raise this alleged error during direct appeal. The petitioner did not raise these issues in his written petition for post-conviction relief.[1] Since the post-conviction court did not consider the merits of these claims, this Court is precluded from reviewing them on appeal. See Butler v. State, 789 S.W.2d 898, 902 (Tenn. 1990); Brown v. State, 928 S.W.2d 453, 457 (Tenn.

---

[1] The petitioner elicited testimony regarding counsel's failure to appeal the trial court's refusal to instruct on voluntary manslaughter. Counsel also referenced this alleged error in his argument to the judge after the hearing. However, this particular claim is not contained in the written petition. T.C.A. § 40-30-210(c) specifically provides that "[p]roof upon the petitioner's claim or claims for relief shall be limited to evidence of the allegations of fact in the petition." Since neither the original pro se petition nor the amended petition filed by counsel mentions this alleged error, the post-conviction court was precluded from considering it.

Crim. App. 1996). Accordingly, these issues have been waived.[2] T.C.A. § 40-30-206(g); T.R.A.P. 36(a). See also Long v. State, 510 S.W.2d 83, 85 (Tenn. Crim. App. 1974) ("[a] post-conviction petition must necessarily rest upon and be determined by the factual allegations it contains").

Additionally, we find that petitioner's challenge to counsel's failure to request individual or sequestered voir dire has been previously determined. T.C.A. § 40-30-206(h). On the direct appeal of his conviction, the petitioner claimed that a newspaper article discussing this case which appeared on the front page of a local newspaper the morning the trial began prejudiced his right to a fair trial. During collective voir dire, several prospective jurors stated they read either the headlines or the article that morning. Counsel, however, did not request individual or sequestered voir dire. Some of these jurors ultimately served on the jury in this case. Despite the fact that the issue was raised for the first time on direct appeal, this Court reviewed the merits of the petitioner's claim. Finding that the trial court did not abuse its discretion, "we [found] that the jury was not prejudiced by collective voir dire and that the trial court did not err in denying the defendant's motion for a mistrial." State v. Thomas Edward Murphy, Jr., No. 02C01-9502-CC-00032 (Tenn. Crim. App., June 28, 1996). Accordingly, since a panel of this Court has already determined that the validity of the trial in this case was not undermined by the voir dire as conducted, any challenge to counsel's performance in this instance is without merit.

**2)** The petitioner also claims he was denied the effective assistance of counsel when his attorney: 1) failed to hire expert witnesses; 2) failed to adequately impeach a witness for the state; 3) failed to emphasize an alleged discrepancy in the state's time line of the crime; and 4) failed to emphasize the apparent differences in the victim's clothing between when she was last seen and found.

The proof at the post-conviction hearing consisted solely of the testimony of the

---

[2] Any claim of error on part of the trial court outside the scope of an ineffective assistance of counsel claim would also be considered waived because it was not raised on direct appeal. T.C.A. 40-30-206(g).

3

petitioner and his trial counsel. After hearing the testimony of both witnesses, the post-conviction court entered the following findings and conclusions:

Petitioner testified that an expert witness could have established that the nine-millimeter pistol traced to him was not the murder weapon. He further asserted that a DNA expert could have testified that a hair sample found near the victim's body was not his. He complained that counsel did not point out that the State's pathologist could not establish the time of death and that petitioner was out of state after December 28. Notwithstanding this uncertainty, the State was allowed to argue that the incident took place on December 23. Petitioner claims counsel was deficient in bringing to the jury's attention the numerous inconsistent statements made by Doug Murphy. He also testified that a witness referred to a prior arrest of petitioner. He claimed counsel's failure to seek an interlocutory appeal after the denial of a mistrial motion was prejudicial. He stated he received a letter after the trial that brought to his attention that the victim was wearing different clothes than the clothing she was wearing when the petitioner last saw the victim. Counsel's failure to point this out was prejudicial. He stated he wanted to testify. Had he testified, he believed he could have shown his innocence. Lastly, he believed counsel was not prepared.

Ms. McCoy Johnson [trial counsel] pointed out that no expert conclusively established that the nine-millimeter pistol was the murder weapon nor that the hair sample was traceable to the petitioner. Secondly, funds for experts were limited. Lastly, had an expert been able to prove that the gun and hair were traceable to the petitioner, this information would have to be revealed to the State. Ms. McCoy Johnson testified that she did point out the fact that the petitioner was out of state after December 28, and that no definite time was established for the time of death. She also pointed out the contradictory statements of Doug Murphy. She further testified that an interlocutory appeal was inappropriate for a denial of a mistrial. She further was unaware of any letter received by petitioner regarding the victim's clothing. She also stated that the petitioner was aware of the right to testify. After his self-serving statement was read to the jury as part of the State's proof, there was no need for him to testify. However, the petitioner made the decision not to testify. Lastly, she testified that she and her staff were adequately prepared.

WHEREFORE, THE COURT CONCLUDES THAT:

1. Petitioner has failed to show how any of these alleged errors by counsel would have changed the result.

2. The Court finds that petitioner was not denied effective assistance of counsel.

In post-conviction relief proceedings, the petitioner has the burden of proving the allegations in his petition by clear and convincing evidence. T.C.A. § 40-30-210(f). It has long been established that the trial court's findings of fact and conclusions of law in post-conviction suits are afforded the weight of a jury verdict. See e.g., Caruthers v. State, 814 S.W.2d 64, 67 (Tenn. Crim. App. 1991). The trial court's findings of fact and conclusions

of law are conclusive on appeal unless the appellate court finds that the evidence preponderates against the findings. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). Furthermore, this Court may not reweigh or reevaluate the evidence or substitute its inferences for those drawn by the trial court. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).

The Court's review of the post-conviction court's judgment is governed by several well-established principles. In order for the petitioner to be granted relief on grounds of ineffective counsel, he must establish that the advice given or the services rendered were not within the range of competence demanded of attorneys in criminal cases and that, but for his counsel's deficient performance, the result of his trial would have likely been different. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984); Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975). Furthermore, this Court may not second-guess the tactical and strategic choices made by trial counsel unless those choices were uninformed because of inadequate preparation. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Trial counsel may not be deemed ineffective merely because a different procedure or strategy might have produced a different result. Williams v. State, 599 S.W.2d 276 (Tenn. Crim. App. 1980). The reviewing courts must indulge a strong presumption that the conduct of counsel falls within the range of reasonable professional assistance. Strickland, 466 U.S. at 690.

The presumption is that the attorney rendered effective assistance, and the burden is on the petitioner to prove both that the assistance was ineffective and that such ineffectiveness caused the petitioner to suffer prejudice. Hartman v. State, 896 S.W.2d 94, 104 (Tenn. 1995). In a post-conviction proceeding, a petitioner's uncorroborated testimony is insufficient to carry this burden of proof. State v. Kerley, 820 S.W.2d 753, 757 (Tenn. Crim. App. 1991). Similarly, the petitioner cannot demonstrate prejudice resulting from counsel's failure to hire experts to challenge the physical evidence unless he can produce material witnesses who would have testified favorably in his behalf. Black v. State, 794 S.W.2d 752, 757-58 (Tenn. Crim. App. 1990).

5

The post-conviction judge resolved conflicting testimony in favor of the petitioner's trial counsel and found that he received adequate representation under the law. We agree. There is no evidence in the record to preponderate against the findings and conclusions of the post-conviction court.

Accordingly, we affirm the dismissal of the petition for post-conviction relief.

_____
ROBERT W. WEDEMEYER, SPECIAL JUDGE

CONCUR:

_____
JOE G. RILEY, JUDGE

_____
J. CURWOOD WITT, JR., JUDGE

6