## LEROY MILAM, Petitioner, v. STATE OF TENNESSEE, Respondent.

Court of Criminal Appeals of Tennessee. Oct. 27, 1969.

Certiorari Denied by Supreme Court Jan. 19, 1970.

Hugh W. Stanton, Jr., Memphis, for petitioner.

George F. McCanless, Atty. Gen., Thomas E. Fox, Deputy Atty. Gen., Nashville, Eugene C. Gaerig, Asst. Dist. Atty. Gen., Memphis, for respondent.

## OPINION

WALKER, Presiding Judge.

From the dismissal of his petition for post-conviction relief without an evidentiary hearing, the petitioner below, Leroy Milam, appeals to this court.

His petition shows that on December 11, 1967, he entered a plea of guilty to murder in the second degree and was sentenced to not less than ten nor more than twenty years in the penitentiary. He alleges that no evidence was presented to the jury to determine the degree of murder as required by T.C.A. Sec. 39-2404.

■ ■ The right to have the jury hear testimony to determine the degree of murder is a statutory one and

does not rise to constitutional stature. It is clearly waivable. See State ex rel. Barnes v. Henderson, 220 Tenn. 719, 423 S.W.2d 497. He could hardly be prejudiced by the failure of the trial judge to instruct the jury on first degree murder. The files and records before the Court show that the petitioner entered a written plea of guilty to murder in the second degree and understood the punishment he would receive.

He also alleges that no women were called or selected for the trial jury which heard his plea of guilty. His constitutional rights were not violated by the failure to include women on the jury which heard his plea of guilty. The systematic exclusion of women from trial juries would not invade his constitutional rights on a guilty plea. That plea waived any alleged irregularities in the formation and composition of the petit jury.

The petitioner complains that the trial judge did not examine his plea of guilty to determine whether it was entered freely and voluntarily with a clear understanding of the consequences. He does not claim that the plea was coerced or that it was not understandingly and voluntarily entered on the advice of his retained counsel. His allegation raises no constitutional issue.

The judgment of the lower court dismissing the petition without an evidentiary hearing is affirmed.

This case was heard and submitted to the Court prior to the enactment of Chapter 330 of the Public Acts of 1969 increasing the membership of the Court.

OLIVER and GALBREATH, JJ., concur.