# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

AUGUST 1997 SESSION



FILED

September 30, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **RICKY D. HULSEY,** | ) | |
| | ) | |
| Appellant, | ) | C.C.A. No. 01C01-9609-CC-00399 |
| | ) | |
| vs. | ) | Lincoln County |
| | ) | |
| **STATE OF TENNESSEE,** | ) | Honorable Charles Lee, Judge |
| | ) | |
| Appellee. | ) | (Post Conviction) |
| | ) | |

FOR THE APPELLANT:

HERSHELL D. KOGER
Attorney at Law
P.O. Box 1148
Pulaski, TN  384781

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

EUGENE J. HONEA
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

MICHAEL W. McCOWN
District Attorney General

WEAKLEY E. BARNARD
Assistant District Attorney General
P.O. Box 904
Fayetteville, TN  37334

OPINION FILED: _____

**AFFIRMED - RULE 20**

CURWOOD WITT
JUDGE

## OPINION

The petitioner, Ricky D. Hulsey, appeals the Lincoln County Circuit Court's dismissal of his petition for post-conviction relief. The petitioner was sentenced to a five year incarcerative term following his guilty pleas to the offenses of aggravated assault and vandalism. After the petitioner filed his post-conviction petition, the lower court appointed counsel, conducted a hearing, and denied the requested relief in a well-drafted order setting forth the detailed findings of fact and conclusions of law. In this appeal, the petitioner challenges the lower court's determinations he did not enter his guilty pleas knowingly and voluntarily and that he received the effective assistance of counsel. Having reviewed the record, we affirm the judgment of the lower court pursuant to Rule 20 of the rules of this court.

In a post-conviction proceeding filed after May 10, 1995, the petitioner has the burden of establishing his claims by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (Supp. 1996). A trial court's findings of fact following a post-conviction hearing have the weight of a jury verdict. Bratton v. State, 477 S.W.2d 754, 756 (Tenn. Crim. App.1971). On appeal, those findings are conclusive unless the evidence preponderates against the judgment. Butler v. State, 789 S.W.2d 898, 900 (Tenn. 1990).

In the case at bar, the lower court found that the petitioner failed to carry his burden of proving his allegations. In this court, he has likewise failed to establish that the evidence preponderates against the lower court's findings. As a result, we find no error of law requiring reversal. The lower court's judgment is affirmed pursuant to Rule 20, Court of Criminal Appeals Rules.

_____

CURWOOD WITT, JUDGE

CONCUR:

_____

JOE G. RILEY JR., JUDGE

_____

_____ WALKER, SPECIAL  JUDGE

**NOTE:  NEED JUDGE WALKER'S FULL NAME**