# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

NOVEMBER 1997 SESSION

FILED

January 21, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **LONNIE SIMPSON,** | ) | |
| | ) | |
| Appellant, | ) | C.C.A. No. 03C01-9702-CR-00082 |
| | ) | |
| vs. | ) | Hamblen County |
| | ) | |
| **STATE OF TENNESSEE,** | ) | Hon. James E. Beckner, Judge |
| | ) | |
| Appellee. | ) | (Post-Conviction) |
| | ) | |

FOR THE APPELLANT:

DOUGLAS JENKINS
Attorney at Law
P.O. Box 724
Morristown, TN 37814

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

CLINTON J. MORGAN
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

C. BERKELEY BELL, JR.
District Attorney General

VICTOR VAUGHN
Asst. District Attorney General
510 Allison St.
Morristown, TN 37814

OPINION FILED: _____

**AFFIRMED - RULE 20**

CURWOOD WITT
JUDGE

## OPINION

The petitioner, Lonnie Simpson, appeals the Hamblen County Criminal Court's denial of his petition for post-conviction relief. The convictions under attack resulted from Simpson's guilty pleas to two counts of the crime of robbery. In his petition, Simpson claimed he was denied the effective assistance of counsel because his attorney did not adequately investigate his case; therefore, he had no choice but to plead guilty. Following a hearing at which Simpson presented his own testimony as well as that of several witnesses whom he claimed his attorney should have contacted, the lower court found that Simpson's guilty pleas were "intelligently, voluntarily and understandably entered into," rather than being the product of counsel's ineffectiveness. As such, the court dismissed the petition.

In a post-conviction proceeding filed after May 10, 1995, such as the case at bar, the petitioner has the burden of establishing his claims by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). A trial court's findings of fact following a post-conviction hearing have the weight of a jury verdict. Bratton v. State, 477 S.W.2d 754, 756 (Tenn. Crim. App.1971). On appeal, those findings are conclusive unless the evidence preponderates against the judgment. Butler v. State, 789 S.W.2d 898, 900 (Tenn. 1990).

The lower court determined from the evidence of record that the petitioner's former counsel fulfilled his duties of investigation to the extent which should be expected of a reasonably prudent attorney and that he yielded to the petitioner's wishes to plead guilty and obtained the best plea agreement possible. The evidence on appeal does not preponderate to the contrary.

We find no error of law requiring reversal. The judgment of the lower court is affirmed pursuant to Court of Criminal Appeals Rule 20.

_____

CURWOOD WITT, JUDGE

CONCUR:

_____

JOSEPH B. JONES, PRESIDING JUDGE

_____

PAUL G. SUMMERS, JUDGE