# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## MAY 1998 SESSION



FILED

August 10, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **RONALD E. ROBINSON,** | ) | |
| | ) | |
| Appellant, | ) | C.C.A. No. 03C01-9710-CR-00430 |
| | ) | |
| vs. | ) | Knox County |
| | ) | |
| **STATE OF TENNESSEE,** | ) | Hon. Richard Baumgartner, Judge |
| | ) | |
| Appellee. | ) | (Post-Conviction) |
| | ) | |

FOR THE APPELLANT:

**ALBERT J. NEWMAN, JR.**
Attorney at Law
Suite 500, Burwell Bldg.
602 S. Gay St.
Knoxville, TN 37902

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**ELIZABETH B. MARNEY**
Asst. Attorney General
425 Fifth Ave. N., 2d Floor
Nashville, TN 37243-0493

**RANDALL E. NICHOLS**
District Attorney General

**MARSHA SELECMAN**
Asst. District Attorney General
City County Bldg.
Knoxville, TN 37902

OPINION FILED:_____

**AFFIRMED**

**CURWOOD WITT, JUDGE**

## OPINION

The petitioner, Ronald E. Robinson,[1] appeals the Knox County Criminal Court's dismissal of his petition for post-conviction relief. Robinson is presently serving an effective 37 year sentence for convictions of aggravated rape, two counts of aggravated kidnapping, aggravated assault, assault and battery. State v. Ronald Eugene Robinson, No. 03C01-9212-CR-00433 (Tenn. Crim. App., Knoxville, Oct. 26, 1993), perm. app. denied (Tenn. 1994) (concurring in results only). He filed a timely petition for post-conviction relief, which he amended four times pro se and a fifth time through counsel. The allegations were numerous; however, at the post-conviction hearing he proceeded on only two issues -- ineffective assistance of counsel and actual innocence. The trial court heard the testimony of witnesses, including the petitioner, and concluded the petition was without merit. In this appeal of the trial court's ruling, the petitioner specifically challenges only one of the trial court's determinations -- that he was afforded the effective assistance of counsel in the determination that he would not testify at his trial. Having reviewed the record and the briefs of the parties, we affirm the trial court's dismissal of this action.

In post-conviction proceedings filed on or before May 10, 1995, a petitioner has the burden of proving his post-conviction allegations by a preponderance of the evidence. Compare McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983) (burden of proof is by preponderance of evidence) with Tenn. Code Ann. § 40-30-210(f) (1997) (burden of proof is by clear and convincing evidence). A trial court's findings of fact following a post-conviction hearing have the weight of a jury verdict. Breton v. State, 477 S.W.2d 754, 756 (Tenn. Crim.

---

[1]The petitioner was convicted under the name Ronald Eugene Robinson. See State v. Ronald Eugene Robinson, No. 03C01-9212-CR-00433 (Tenn. Crim. App., Knoxville, Oct. 26, 1993), perm. app. denied (Tenn. 1994) (concurring in results only).

App.1971). On appeal, those findings are conclusive unless the evidence preponderates against the judgment. <u>Butler v. State</u>, 789 S.W.2d 898, 900 (Tenn. 1990).

In the case at bar, the petitioner's appellate issue is as follows. "Was the court, after conducting a full evidentiary hearing, correct in dismissing Ronald E. Robinson's Post Conviction Relief Petition as being without legal merit?" The only specific factual finding of the trial court which is addressed in the argument accompanying this issue is whether the trial court correctly determined that the petitioner was afforded the effective assistance of counsel in the process by which it was determined that he would not testify at his trial.[2]

The petitioner testified at the hearing that he wanted to take the stand at his trial but his counsel did not let him do so. On the other hand, the petitioner's trial counsel testified that he recommended that the petitioner not testify because of the petitioner's criminal record, but the petitioner made his own decision not to testify. The petitioner alleges trial counsel's failure to allow him to testify was ineffective because it deprived him of a defense in a "he said, she said" type of case.[3] The trial court found the trial attorney's testimony more credible than that of

---

[2]Numerous subissues of the ineffectiveness claim were raised below. Additionally, the petitioner raised an actual innocence claim based upon alleged post-trial recantations by the victim. Given the broad statement of the issue and the specific argument on only one of the ineffective assistance subissues, we must presume the specifically argued subissue is the only one the petitioner wishes us to review. Assuming arguendo, the petitioner's intent was for us to review the remaining issues, we consider them waived based upon his failure to properly frame them for this court and address them with adequate argument. See <u>Williams</u>, 914 S.W.2d 940, 947-49 (Tenn. Crim. App. 1995), <u>perm</u>. <u>app</u>. <u>denied</u> (Tenn. 1997); Tenn. R. App. P. 27; Tenn. R. Ct. Crim. App. 10(b).

[3]The petitioner also alleges trial counsel was ineffective for not adequately explaining the effect that his not testifying would have on the outcome of the case. The record does not lend factual support to this allegation. The petitioner testified that he and his attorney talked the night before trial about what he should do when he took the stand. The petitioner claimed both he and his

3

the petitioner on the issue of whether the petitioner made his own decision not to testify.  The trial court also found that trial counsel had adequately conferred with the petitioner prior to trial and prepared the case.  The court concluded that the petitioner was effectively represented by trial counsel.  We cannot say that the evidence preponderates to the contrary.

Accordingly, the judgment of the trial court is affirmed.

_____
CURWOOD WITT, JUDGE

CONCUR:

_____
JOSEPH M. TIPTON, JUDGE

_____
JOE G. RILEY, JUDGE

_____

attorney's co-counsel were taken aback when trial counsel unexpectedly rested the defense case.  Assuming arguendo, the petitioner had already made the decision to testify, we fail to see why trial counsel should have explained the supposed adverse effect of the petitioner not testifying.