# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## STATE OF TENNESSEE v. DAVID THOMAS BARRON

### Direct Appeal from the Criminal Court for Carroll County
### No. 98CR-1321   C. Creed McGinley, Judge

---

### No. W1999-01134-CCA-R3-PC - Decided June 30, 2000

---

David Thomas Barron appeals from the trial court's denial of his petition for post-conviction relief. Upon review, we hold that the trial court properly denied his petition and affirm its judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which SMITH and WEDEMEYER, JJ., joined.

Matthew M. Maddox, Huntington, Tennessee, for the appellant, David Thomas Barron.

Paul G. Summers, Attorney General & Reporter, Kim R. Helper, Assistant Attorney General, G. Robert Radford, District Attorney General, Eleanor Cahill, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner, David Thomas Barron, appeals from the Carroll County Circuit Court's denial of his petition for post-conviction relief. Barron is incarcerated in the Department of Correction on a three-year sentence resulting from a probation violation and a consecutive, effective eight-year sentence for convictions of four counts of theft and one count of alteration of permanent distinguishing numbers. As relevant to this appeal, Barron alleged in his post-conviction petition that he was denied the effective assistance of counsel, primarily due to counsel's failure to advise him of the particulars surrounding the possible sentences he might receive and the terms of his plea agreement, such as the sentencing range, consecutive versus concurrent service, and the minimum and maximum lengths of sentences for the offenses. Further, he challenged his plea agreement based upon the Department of Correction's alleged failure to compute the length of his sentence properly. Finally, although not alleged in the petition, Barron argues on appeal that the trial court lacked jurisdiction over his original charges and urges this court to remand for further development of the record on this issue. We have reviewed each of the petitioner's allegations along with the record, the briefs of the parties, and the applicable law. We hold that the trial court properly denied the petition and therefore affirm its judgment.

The petitioner's burden of proof in all post-conviction cases filed after May 10, 1995 is by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). A trial court's findings of fact following a post-conviction hearing have the weight of a jury verdict. Bratton v. State, 477 S.W.2d 754, 756 (Tenn. Crim. App. 1971). On appeal, those findings are conclusive unless the evidence preponderates against the judgment. Butler v. State, 789 S.W.2d 898, 900 (Tenn. 1990).

## I

First, we consider Barron's claim of ineffective assistance of counsel. The Sixth Amendment of the United States Constitution and Article I, section 9 of the Tennessee Constitution both require that a defendant in a criminal case receive effective assistance of counsel. Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975). When a defendant claims ineffective assistance of counsel, the standard applied by the courts of Tennessee is "whether the advice given or the service rendered by the attorney is within the range of competence demanded by attorneys in criminal cases." Summerlin v. State, 607 S.W.2d 495, 496 (Tenn. Crim. App. 1980).

In Strickland v. Washington, the United States Supreme Court defined the Sixth Amendment right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). First, the appellant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and must demonstrate that counsel made errors so serious that he was not functioning as "counsel" guaranteed by the Constitution. Id. at 687, 104 S. Ct. at 2064. Second, the petitioner must show that counsel's performance prejudiced him and that errors were so serious as to deprive the defendant of a fair trial, calling into question the reliability of the outcome. Id. The court must indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance and must evaluate counsel's performance from counsel's perspective at the time of the alleged error and in light of the totality of the evidence. Id. at 695, 104 S. Ct. at 2066, 2069. The petitioner must demonstrate that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. Id., 104 S. Ct. at 2069.

In the present case, the petitioner complained of counsel's failure to advise him of the sentencing possibilities, including length, range and consecutive or concurrent service. Counsel's testimony established that these matters had been discussed with the petitioner during the course of her representation of him. According to counsel, the petitioner had acknowledged the convictions which classified him as a Range II offender. Barron testified that even though his plea agreement called for him to serve his three years for a probation violation consecutively to his effective eight-year sentences for the new offenses, counsel told him the Department of Correction would allow him to serve the sentences concurrently. Counsel's testimony contradicted this assertion. In general, Barron's testimony indicated, as is so often the case, that he had grown dissatisfied with the terms of his plea agreement with the passage of time. According to counsel, the petitioner had declined a more favorable plea agreement than the one he ultimately accepted because he initially insisted that he was innocent. Counsel also testified that by the time the later plea bargain was offered, the petitioner had failed to appear for trial, and part of the consideration

for settling the case was that the state would not file charges against the petitioner for the failure to appear. Counsel testified that had the petitioner declined the plea agreement, she was prepared for the trial that was scheduled that day. She further testified that she advised the petitioner that his alternative to accepting the plea agreement was a trial, but the petitioner did not want to go to trial that day.

Barron also claimed that counsel never told him he could challenge the state's valuation of the stolen property, which might affect the level of the offenses with which he was charged. Counsel testified that Barron initially insisted upon an innocence defense, so the value of the property was irrelevant. Moreover, the record reflects that Barron was aware of this possibility because his first attorney had challenged the value of the property when the case was in general sessions court. In any event, Barron presented no evidence at the post-conviction hearing to substantiate any complaint that the state's valuation of the stolen property was inflated.

After hearing the evidence, the trial court ruled that the petitioner had failed to carry his burden of proving his claim of ineffective assistance of counsel. In so doing, the court accredited the testimony of trial counsel over that of the petitioner. Upon review of the record, we cannot say that the evidence preponderates to the contrary. Thus, the trial court properly dismissed this claim.

## II

Barron next questions whether the trial court properly declined to rule on his claim that the Department of Correction has incorrectly calculated the length of his sentence, thereby affecting his sentence expiration date. The proper avenue for redress of alleged miscalculations of sentence credits by the Department of Correction is the Administrative Procedures Act. Brown v. State, 928 S.W.2d 453, 457 (Tenn. Crim. App. 1996). Thus, this issue was not properly before the trial court in Barron's post-conviction action, and the court committed no error in declining to rule on its merits.

## III

Despite having failed to allege the issue in his petition, Barron claims on appeal that the trial court lacked jurisdiction over him for disposition of his original cases. At the evidentiary hearing, the petitioner mentioned briefly in his testimony that his first trial attorney unsuccessfully challenged jurisdiction and that he believed his attorney had been correct. The petitioner made no issue, however, of the trial court's jurisdiction over him in his post-conviction petition, and he presented no evidence in that regard. Issues not presented in a post-conviction petition and raised for the first time on appeal are waived. See, e.g., Butler v. State, 789 S.W.2d 898, 902 (Tenn. 1990); Marise E. Smith v. State, No. 01C01-9708-CR-00342 (Tenn. Crim. App., Nashville, Sept. 2, 1999), perm. app. denied (Tenn. 2000). Moreover, a petitioner has the burden of proving his claims at the hearing by clear and convincing evidence. Tenn. Code Ann. § 40-35-210(f) (1997) Because this claim was neither raised nor proven below, we decline the petitioner's invitation to remand the matter to the trial court with instructions for further hearings thereon.

-3-

**IV**

Finally, we are compelled to comment upon the petitioner's *pro se* brief which is included as an appendix to counsel's brief. We have not considered the *pro se* brief in our resolution of the issues before us. A litigant in this court has no right to proceed simultaneously through counsel and *pro se*. <u>See, e.g.</u>, <u>State v. Burkhart</u>, 541 S.W.2d 365, 371 (Tenn. 1976).

In summary, the trial court properly dismissed Barron's post-conviction petition. The judgment is affirmed.