IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
July 19, 2000 Session

**TRAVIS PLUMMER v. STATE OF TENNESSEE**

**Appeal as of Right from the Criminal Court of Davidson County
No. 96-B-1056 & 96-C-1281    Seth Norman, Judge**

_____

**No. M1999-01406-CCA-R3-PC - Filed October 27, 2000**

_____

The petitioner, Travis Plummer, was convicted by a jury in the Criminal Court of Davidson County of one count of rape of a child, and subsequently also pled guilty to one count of rape. The trial court sentenced the petitioner to twenty years incarceration in the Tennessee Department of Correction for rape of a child and to twelve years incarceration for rape. The trial court further ordered that the petitioner's sentences be served consecutively. In this post conviction proceeding, the petitioner raises the following issue(s) for review: whether the petitioner was denied his constitutional rights at trial and at the plea proceeding when his counsel(s) failed to investigate and evaluate his competency to stand trial and to plead guilty. Upon review of the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID G. HAYES, and THOMAS T. WOODALL, JJ., joined.

David Byrne, Nashville, Tennessee, for the appellant, Travis Plummer.

Paul G. Summers, Attorney General and Reporter, Marvin E. Clements, Jr., for the appellee, State of Tennessee.

**OPINION**

### I. Factual Background

On February 12, 1997, the petitioner, represented by Ms. Wendy Tucker and Ms. Collins Weaver Hooper (hereinafter "trial counsel"), was found guilty by a jury in the Criminal Court of Davidson County of one count of rape of a child. Subsequently, the petitioner requested that the trial court appoint him new counsel, alleging the ineffective assistance of his trial counsel. The trial court complied and appointed Mr. Larry Hoover (hereinafter "plea counsel") to serve as petitioner's counsel. On July 17, 1997, the petitioner pled guilty to one count of rape in the Criminal Court of Davidson County. The plea bargain provided that the appellant would receive a sentence of twenty

years incarceration in the Tennessee Department of Correction for rape of a child and twelve years incarceration for rape, with the sentences to be served consecutively.

The petitioner subsequently filed a petition for post-conviction relief alleging that he had received ineffective assistance of counsel at both his trial and at his plea hearing. The post-conviction court dismissed the petition. The petitioner appeals the post-conviction court's denial of his petition contending that he was denied his constitutional rights at trial and at the guilty plea proceeding when his counsel(s) failed to investigate and evaluate his competency to stand trial and his competency to plead guilty.

## II. Analysis

At a post-conviction hearing, the petitioner bears the burden of proving all factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f)(1997). Evidence is clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from the evidence. Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). Moreover, unless the evidence preponderates otherwise, this court is bound by the factual findings of the post-conviction court. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). The post-conviction court must resolve all questions concerning witness credibility and the weight and value to be accorded to their testimony. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Furthermore, the trial court's findings at an oral hearing, after observing witnesses testify and considering conflicting testimony, will be given the weight of a jury verdict. Bratton v. State, 477 S.W.2d 754, 756 (Tenn. Crim. App. 1971). Accordingly, this court will not reweigh or reevaluate the evidence or substitute its inferences for those of the post-conviction court. Williams v. State, No. 03C01-9801-CC-00013, 1999 WL 58608, at *2 (Tenn. Crim. App. at Knoxville, February 9, 1999).

A. Trial

This court reviews mixed questions of law and fact, such as claims of ineffective assistance of counsel, de novo. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). In order to prove a claim of ineffective assistance of trial counsel, the petitioner must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the petitioner by creating a reasonable probability that the result of the trial is unreliable or the proceedings were fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). In determining whether counsel's performance was deficient, this court must decide whether counsel's performance was within the range of competence required of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975).

Compelling a mentally incompetent petitioner to stand trial violates his right to due process of law. Drope v. Missouri, 420 U.S. 162, 171, 95 S. Ct. 896, 903 (1975). To this end, the United States Supreme Court set forth the following test to apply in determining a petitioner's competency to stand trial:

> whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him.

-2-

Dusky v. United States, 362 U.S. 402, 402, 80 S. Ct. 788, 789 (1960). Accordingly, the petitioner must be able to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense. Drope, 420 U.S. at 171, 95 S. Ct. at 903. Furthermore, Tennessee courts have adopted this standard. See State v. Black, 815 S.W.2d 166, 173-174 (Tenn. 1991).

However, not every person affected by a mental illness is thereby rendered incompetent to stand trial. Wilcoxson v. State, 22 S.W.3d 289, 305 (Tenn. Crim. App. 1999), perm. app. denied (Tenn. 2000). Accordingly, "evidence of a [petitioner's] past psychiatric problems does not necessarily require counsel to ask for a competency hearing if the petitioner's behavior does not reflect incompetence at the time of trial or while his attorney is preparing for trial." Id. at 310.

The American Bar Association's Standards for Criminal Justice provide that when defense counsel has a good faith doubt in petitioner's competence to stand trial, counsel should move for a psychological evaluation of the petitioner. ABA Standards for Criminal Justice § 7-4.2(c)(1986). Accordingly, this court has found that, in deciding whether counsel's performance was deficient, we must determine if counsel had reasonable cause to raise the issue of the petitioner's competency before trial. See Wilcoxson, 22 S.W.3d at 306. To make this determination, we must examine the information that was available to counsel prior to trial. Id.

However, at the post-conviction hearing, the petitioner failed to introduce the mental health records that, he argues, indicate that he would have been incompetent to stand trial.[1] In any event, trial counsel testified at the post-conviction hearing that, although the mental health records indicated that the petitioner had problems in the past, there was nothing in his record to indicate that he was incompetent. Moreover, trial counsel asserted that the petitioner was slow to understand, but he did understand the proceedings after they were repeatedly explained to him. Additionally, trial counsel stated that the petitioner assisted in his defense as much as he could. We do not find sufficient evidence to establish that trial counsel was deficient in failing to pursue a competency hearing prior to trial.

However, even if counsel had been deficient in failing to request a competency hearing before trial, the petitioner would need to also establish that he had been prejudiced by the deficiency. This the petitioner has failed to do. In order to establish prejudice, "the burden must remain upon the petitioner to establish a reasonable probability that he was, in fact, incompetent at the time of his trial" See Wilcoxson, 22 S.W.3d at 313. But see Smith v. State, No. 02C01-9801-CR-00018, 1998 WL 899362, at *22 (Tenn. Crim. App. at Jackson, December 28, 1998), perm. app. granted (Tenn. 1999)(finding prejudice even though there was no evidence that the petitioner was incompetent to stand trial). The petitioner failed to introduce at the post-conviction hearing any medical records or testimony by psychiatric experts that he was not competent to stand trial or to

_____

[1] Moreover, the petitioner also failed to include the trial transcript in the record for our review. Therefore, it is difficult for us to evaluate trial counsel's performance.

plead guilty. We cannot say that the evidence preponderates against the post-conviction court's finding that the petitioner received effective assistance of trial counsel.

## B. Guilty Plea

To prove ineffective assistance of plea counsel, the petitioner must establish that, but for counsel's errors, the petitioner would not have pled guilty and would have insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370 (1985); see Tate v. State, No. 02C01-9810-CR-00304, 1999 WL 608703, at *3 (Tenn. Crim. App. at Jackson, August 12,1999). The petitioner claims that he would not have pled guilty if he had been found incompetent after a competency hearing. Furthermore, the petitioner seems to argue that his guilty plea was not "knowing" and "voluntary." Additionally, the petitioner alleged that he did not understand, and plea counsel did not explain, that his sentences would run consecutively for an effective sentence of thirty-two years.

This court has found that, "the level of competence required to enter a guilty plea is the same as is required to stand trial." McMahan v. State, No.03C01-9212-CR-00422, 1993 WL 455290, at *2, (Tenn. Crim. App. at Knoxville, November 5, 1993). Therefore, we must determine if the petitioner was able to assist plea counsel in preparing his defense, to consult with counsel, and to understand the nature and object of the proceedings against him. State v. Wilson, No. 03C01-9609-CC-00352, 1998 WL 564021, at *9-10, (Tenn. Crim. App. at Knoxville, September 1, 1998), perm. app. granted (Tenn. 1999).

Petitioner's plea counsel testified at the post-conviction hearing that he discussed the facts and possible defenses with the petitioner. Moreover, plea counsel stated that the petitioner suggested a possible consent defense to the rape case. Additionally, plea counsel stated that he explained the plea agreement to the petitioner, a fact the petitioner admitted at the post-conviction hearing. Furthermore, plea counsel acknowledged that the petitioner had his difficulties, but nevertheless believed he understood the plea. Accordingly, plea counsel indicated that, because of the strength of the State's case against the petitioner and the fact that the petitioner was facing three counts of aggravated rape, one count of attempt to commit aggravated rape, and one count of aggravated assault if he had proceeded to trial, the plea bargain had been to the petitioner's benefit. See Warren v. State, No. M1999-1319-CCA-R3-PC, 2000 WL 1133558, at *3 (Tenn. Crim. App. at Nashville, August 10, 2000).

We do not find that petitioner's plea counsel's performance was deficient. However, even if plea counsel had been deficient in failing to request a competency hearing prior to the guilty plea, we once again note that the petitioner has not established prejudice because he presented no evidence at the post-conviction hearing that he was incompetent at the time of his guilty plea. See Wilcoxson, 22 S.W.3d at 313. We agree with the trial court that the petitioner failed to prove the ineffective assistance of plea counsel.

Furthermore, a guilty plea must be made voluntarily, understandingly, and knowingly in order to withstand constitutional scrutiny. Hicks, 983 S.W.2d at 246(citing Boykin v. Alabama,

395 U.S. 238, 244, 89 S. Ct. 1709, 1713 (1969)); see also State v. Mackey, 553 S.W.2d 337, 341 (Tenn. 1977). This court must examine the following circumstantial factors in determining the "knowing" and "voluntary" nature of a guilty plea:

> the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

Blankenship v. State, 858 S.W.2d 897, 904 (Tenn.1993). Furthermore, the petitioner should understand the direct consequences of his guilty plea, i.e., the penalty to be imposed. Id.

Petitioner's plea counsel testified that he met with the petitioner several times and repeatedly explained consecutive sentencing to him. Plea counsel also averred that the petitioner voluntarily chose to plead guilty to rape and receive a twelve year sentence, in return for the dismissal of the additional charges against him. At the plea hearing, the trial court informed the petitioner of the rights he would relinquish by pleading guilty. Moreover, the trial court asked the petitioner if he understood the sentence he would receive by pleading guilty and the petitioner responded that he understood. Additionally, the petitioner maintained at the guilty plea hearing that he had no mental difficulties that he was aware of and that he was satisfied with his plea counsel. Furthermore, the petitioner asserted that he understood the proceedings and nevertheless wanted to plead guilty. As a result, we find that the petitioner's plea was "knowing" and "voluntary."

### III. Conclusion

Based upon the foregoing, we affirm the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE