IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 7, 2001

## MARCUS D. POLK v. STATE OF TENNESSEE

**Appeal as of Right from the Criminal Court for Shelby County**
**No. P-20491      Joseph B. Dailey, Judge**

---

### No. W2000-01057-CCA-R3-PC  - Filed July 13, 2001

---

The petitioner, Marcus D. Polk, pled guilty in the Shelby County Criminal Court to criminal attempt to commit first degree murder, especially aggravated robbery, and first degree murder and received a total effective sentence of life imprisonment plus twenty years.  Subsequently, the petitioner filed a petition for post-conviction relief alleging the ineffective assistance of his plea counsel, which petition was denied by the post-conviction court.  Upon review of the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID H. WELLES, J., joined.

R. Price Harris, Memphis, Tennessee, for the appellant, Marcus D. Polk.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; William L. Gibbons, District Attorney General; and Dan Byer, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

On April 20, 1998, the petitioner, Marcus D. Polk, pled guilty in the Shelby County Criminal Court to criminal attempt to commit first degree murder, especially aggravated robbery, and first degree murder.  The trial court sentenced the petitioner to twenty years incarceration in the Tennessee Department of Correction for the criminal attempt to commit first degree murder conviction and to fifteen years incarceration for the especially aggravated robbery conviction with the sentences to be served concurrently.  The trial court further sentenced the petitioner to life imprisonment for the first degree murder conviction, which sentence is to be served consecutively to the other sentences for a total effective sentence of life imprisonment plus twenty years.  Subsequently, the petitioner filed a petition for post-conviction relief alleging that (1) he received

the ineffective assistance of his plea counsel because his plea counsel did not adequately investigate the petitioner's case or keep the petitioner apprised of information concerning his case, (2) counsel failed to inform the petitioner that the instant convictions could be used to enhance future sentences or impeach the petitioner at later proceedings, and (3) counsel strongly encouraged him to plead guilty and coerced him into pleading guilty by bringing the petitioner's mother to the courtroom on the day of trial. After an evidentiary hearing, the post-conviction court denied the petition for relief. On appeal, the petitioner presents the following issue for our review: whether the post-conviction court erred by failing to grant the petition for relief.

## II. Analysis

The petitioner must prove all factual allegations contained in his post-conviction petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). Generally, the post-conviction court, not the appellate courts, must determine witness credibility as well as the weight and value to be accorded their testimony. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Accordingly, this court will confer the weight of a jury verdict upon the findings made by the post-conviction court at a hearing after observing witnesses testify and considering conflicting testimony. Bratton v. State, 477 S.W.2d 754, 756 (Tenn. Crim. App. 1971).

As to the specific issue raised by the petitioner, our supreme court recently clarified the standard for reviewing claims of ineffective assistance of counsel by stating that

> a [post-conviction] court's conclusion as to whether a petitioner has been denied the effective assistance of counsel is an issue that presents a mixed question of law and fact . . . that is reviewed [on appeal] under a *de novo* standard of review, consistent with the standards set forth in the Rules of Appellate Procedure. As such, a [post-conviction] court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise. However, a [post-conviction] court's *conclusions of law*--such as whether counsel's performance was deficient or whether that deficiency was prejudicial--are reviewed under a purely *de novo* standard, with no presumption of correctness given to the [post-conviction] court's conclusions.

Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

### A. Ineffective Assistance of Counsel

In order to establish ineffective assistance of counsel, the petitioner must demonstrate that the performance of counsel was deficient and that such deficiency prejudiced the petitioner by creating a reasonable probability that the result of his trial is unreliable or the proceedings were

fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). To this end, this court must decide whether counsel's performance was within the range of competence required of attorneys in criminal cases in evaluating whether or not counsel's performance was deficient. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Moreover, "[i]n cases involving a guilty plea . . ., the petitioner must show 'prejudice' by demonstrating that, but for counsel's errors, he would not have pleaded guilty but would have insisted upon going to trial." Hicks, 983 S.W.2d at 246; see also Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985).

### i. Failure to Investigate

The petitioner claims that his counsel was ineffective for failing to adequately investigate his case, specifically alleging that counsel did not interview all available witnesses.[1] The petitioner testified at the post-conviction hearing that he gave counsel a list of the names of potential witnesses, only two of whom the petitioner claimed were actually interviewed by counsel. The petitioner alleged that he had spoken with the remaining people on the list and had confirmed that they were never contacted by counsel. However, none of these potential witnesses testified on the petitioner's behalf at the post-conviction hearing. See Thompson v. State, 958 S.W.2d 156, 164 (Tenn. Crim. App. 1997) (finding that this court is not permitted to speculate as to what a potential witness' testimony might have been); William A. Holt, Jr. v. State, No. M2000-01603-CCA-R3-PC, 2000 WL 1612352, at *3 (Tenn. Crim. App. at Nashville, October 30, 2000), perm. to appeal denied, (Tenn. 2001). Moreover, the petitioner did not state what evidence these witnesses would have offered had counsel spoken with them. See Clonte Thomas v. State, No. 02C01-9408-CR-00167, 1995 WL 120220, at *2 (Tenn. Crim. App. at Jackson, March 22, 1995).

The petitioner additionally maintained that he met with counsel infrequently, that during those meetings counsel did not share with him information regarding the petitioner's case, and that counsel failed to discuss all aspects of a guilty plea with the petitioner. The petitioner testified that he informed the trial judge during the guilty plea hearing that he was not satisfied with the representation of counsel, but conceded that his only specific complaint to the trial court was that he did not like counsel's demeanor. The petitioner admitted that he did not tell the trial court that counsel had provided ineffective assistance during the course of counsel's representation.

In direct contrast with the petitioner's testimony, the petitioner's plea counsel testified that he had thoroughly investigated the petitioner's case. Counsel maintained that either he or the investigator associated with his office spoke with every potential witness on the list provided by the petitioner. He asserted that he met with the petitioner more times than the petitioner claimed. Counsel testified that he discussed the case at length with the petitioner and made information the petitioner requested available to him. Moreover, counsel stated that he explained all of the petitioner's rights to the petitioner and reviewed every piece of information relating to the plea agreement with the petitioner.

---

[1] The record indicates that the petitioner was represented at the time of the guilty plea by Ron Johnson and Betty Thomas. However, the petitioner's testimony at the post-conviction hearing and the arguments in the petitioner's brief clearly show that he is only complaining of the ineffective assistance of Johnson, the lead counsel in his case.

The post-conviction court chose to accredit the testimony of counsel that he had thoroughly investigated the petitioner's case, that he was prepared to go to trial, and that he had sufficiently discussed the case with the petitioner. See Thomas, No. 02C01-9408-CR-00167, 1995 WL 120220, at *2. We can find no evidence in the record to preponderate against the post-conviction court's findings because "[t]he [post-conviction] court was in a much better position to evaluate the credibility of the witnesses than this Court." Tyrone Henderson v. State, No. 02C01-9610-CR-00376, 1997 WL 566053, at *6 (Tenn. Crim. App. at Jackson, September 12, 1997). This issue is without merit.

### ii. Prior Record

In his brief on appeal, the petitioner contends that the post-conviction court erred in failing to grant relief because counsel "failed to advise [the petitioner] of the State's ability to use his prior record against him both at this trial and in the future to either impeach his credibility and/or enhance punishment." However, in the petitioner's original petition for post-conviction relief, he argues that "he was not informed that the [instant] convictions could be used to enhance punishment for subsequent convictions." Regardless of how the issue is phrased, the record clearly shows that the petitioner did not present any evidence concerning this issue at the post-conviction hearing. Accordingly, the petitioner has waived this issue. See Michael L. Gribble v. State, Nos. 02C01-9303-CC-00039, 02C01-9303-CC-00045, 1995 WL 46379, at *5 (Tenn. Crim. App. at Jackson, February 8, 1995) (stating that "[i]ssues . . . cannot be raised on appeal unless they have been fully litigated at the [post-conviction] court level"); see also Willie L. Pegues v. State, No. 02C01-9705-CR-00182, 1998 WL 155441, at *3 (Tenn. Crim. App. at Jackson, April 6, 1998).

### iii. Coerced Plea

The petitioner's third claim of ineffective assistance of counsel stems from his attorney's performance during the guilty plea proceedings. However, we note that the petitioner has failed to include in the record for our review a transcript of the guilty plea hearing. The transcript of the guilty plea hearing was before the post-conviction court, and the post-conviction court's decision was heavily based upon the contents of that transcript. It is the petitioner's duty to make sure that a complete and accurate record is before this court on appeal; otherwise, the issues raised by the petitioner may be considered waived. See Thompson, 958 S.W.2d at 172; State v. William Ricky Wayne Herrell, No. M1999-02475-CCA-R3-CD, 2000 WL 804712, at *4 (Tenn. Crim. App. at Nashville, June 23, 2000). However, based upon the testimony at the post-conviction hearing, we can conclude that the weight of the evidence does not preponderate against the post-conviction court's findings of fact.

The petitioner testified at the post-conviction hearing that he was displeased with the representation of his attorney because he had specifically instructed counsel not to bring petitioner's mother to court on the day of trial. The petitioner explained that he made this request because his mother had repeatedly asked him to plead guilty instead of going to trial to avoid the risk of receiving a sentence of death. However, counsel testified he was prepared to go to trial and he foresaw a possible need for the petitioner's mother to testify after trial should a sentencing hearing be held that day. Accordingly, counsel requested that the petitioner's mother be present in court on the day of

the petitioner's trial. The petitioner testified that, when he entered the courtroom and saw his mother crying, he became so upset that he immediately made the decision to plead guilty. Notably, the petitioner repeatedly testified at the post-conviction hearing that the decision to plead guilty was his. See Donald Robert Smith, Jr. v. State, No. 02C01-9111-CR-00244, 1992 WL 361344, at *1 (Tenn. Crim. App. at Jackson, December 9, 1992).

The petitioner also contends that he pled guilty because of pressure from counsel. He testified that he felt that his counsel did not want to represent him at trial and did not discuss all aspects of the case with him. However, the petitioner admitted that he had told the trial court during his guilty plea hearing that he had entered the guilty pleas freely and voluntarily and of his own accord. See Darrell Rittenberry v. State, No. 89-278-III, 1990 WL 124559, at *8 (Tenn. Crim. App. at Nashville, August 29, 1990). The petitioner also testified that he knew he had the option of going to trial. Specifically, when asked by his post-conviction counsel if, based upon his current knowledge of his case, he would have done anything differently during the guilty plea hearing, the petitioner conceded, " I really–I really can't say because if I had a choice to do anything different, I could have did it while I was on the stand." Additionally, the petitioner stated that, while he may not have known all of the information relating to his guilty plea until he was informed by the judge prior to the plea, he nevertheless understood all the legal aspects of his decision.

Again, petitioner's plea counsel testified that he thoroughly investigated the petitioner's case. Counsel testified that he had worked for the public defender's office for eighteen years, approximately seven of which he spent working on the capital defense team through which he encountered the petitioner. He maintained that he was prepared to go to trial on the day of the petitioner's guilty plea. He averred that he talked with the petitioner at length concerning his case and the petitioner was aware of all aspects of the case. He contended that the petitioner was "in full control" on the day of the guilty plea and was no more "stressed" than the typical defendant in the petitioner's position. Counsel did admit that he advised the petitioner against going to trial because of the strength of the State's case, but noted that he made the petitioner aware that the decision to plead guilty or proceed to trial was ultimately the petitioner's.

> The post-conviction court found:
> [I]t is very apparent to this Court that [petitioner's counsel] provided excellent representation for [the petitioner]. [Counsel] did everything that could have been reasonably expected.... and were in fact ready to proceed with trial. . . . It was [the petitioner] who chose to change his plea from not guilty to guilty on that date. It is abundantly clear from the transcript of the guilty plea that [the petitioner] freely and voluntarily entered that plea after having been fully advised of his rights. It is this Court's opinion that [counsel's] representation of [the petitioner] was outstanding in every regard and clearly met the standards of [effective representation].

We conclude that because "the petitioner followed the advice of . . . his mother . . . and his trial counsel does not mean that the plea was involuntary." Adrian Waite v. State, No. 03C01-9809-CR-

00343, 1999 WL 642927, at *3 (Tenn. Crim. App. at Knoxville, August 25, 1999), perm. to appeal denied, (Tenn. 2000).

### iv. Cumulative Error

Finally, the petitioner claims that the cumulative effect of the foregoing errors "serve[s] to show that he did not receive the level of representation required by [Strickland and Baxter]." However, because we have found no error, we deem the petitioner's final allegation to be without merit.

### III. Conclusion

Based upon the foregoing, we affirm the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE