# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 11, 2002

## LISA PUTMAN MENCER v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Marshall County**
**No. 14790     William Charles Lee, Judge**

---

### No. M2002-00715-CCA-R3-CD - Filed May 6, 2003

---

The petitioner appeals after being denied post-conviction relief. She pled guilty to one count of aggravated burglary and ten counts of forgery. Pursuant to her plea agreement, she received an effective sentence of twenty years as a Range III offender. Her post-conviction relief petition alleged she received ineffective assistance of counsel and that she did not enter her plea knowingly and voluntarily. We conclude the evidence does not preponderate against the post-conviction court's findings. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and NORMA MCGEE OGLE, JJ., joined.

John H. Richardson, Jr., Fayetteville, Tennessee, for the appellant, Lisa Putman Mencer.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; William M. McCown, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner, Lisa Mencer, entered a plea of guilty to one count of aggravated burglary and to ten counts of forgery. Pursuant to her plea agreement, the petitioner received an effective sentence of twenty years at 45%, consisting of a ten-year sentence followed by six concurrent five-year sentences, followed by four concurrent five-year sentences.

On October 24, 2001, the petitioner filed a post-conviction petition alleging she received ineffective assistance of counsel. Specifically, the petitioner alleged her trial counsel failed to investigate her case prior to trial and failed to request a mental evaluation. She contends that she did

not enter a knowing and voluntary plea of guilty. A post-conviction hearing was held at which the petitioner and her trial counsel presented their testimony.

The petitioner testified that she retained her trial counsel to represent her following her indictment. She said she met with counsel three or four times before February 21, 2001. She said that she saw on her investigation report that she had an accomplice. She said that if she had known of the report indicating that a witness had seen someone other than her cashing the checks, she would not have accepted the plea. She said she brought it to the attention of her attorney that she had an accomplice. She said that she and her attorney discussed her charges and the time the charges carried. She said she asked the attorney for a mental evaluation because she was on suicide watch after her arrest and was prescribed medication. She said she had been treated for a mental disorder and drug addiction and had shared this information with her attorney. She said her attorney did not let her see any of the evidence against her, except the checks she cashed. She said she felt pressured to take the plea offer because she feared receiving a sixty-year to seventy-year sentence. She said that because she was under the influence of prescription medication, she did not understand what was happening at her plea hearing. She claimed she thought she was agreeing to a total ten-year sentence.

The petitioner's trial counsel testified that he has been practicing since 1976. He said he met with the petitioner numerous times and investigated her case by getting a list of witnesses, speaking with law enforcement, and obtaining a position statement from the petitioner. He said the petitioner told him of her accomplice and that the jail doctor prescribed her Xanax and Trazodone. He said the petitioner told him she was on suicide watch for a couple of days while in jail. He said he spoke with her extensively about her claims of a "mental disorder or disability or defect or condition." He said that he was "very familiar with the parameters relative to raising an insanity defense." He said that if the petitioner is coherent and understands the legal process, a petitioner will not be found to be "incompetent to participate in criminal proceedings and aid in their defense." He said that he decided a mental evaluation and a motion to suppress her confessions were unwarranted. He said he and the petitioner discussed the ranges of punishment for the numbers of counts of forgery, aggravated burglary, and theft. He said that he and the petitioner reviewed her criminal record and the proof against her. He said he did not pressure the petitioner to take the plea offer.

At the conclusion of the hearing, the post-conviction court denied the petition. In its findings of facts and conclusions of law, the post-conviction court found the petitioner's trial counsel properly prepared and investigated the petitioner's case. The post-conviction court stated that even if trial counsel should have obtained a mental evaluation for his client, the petitioner failed to show prejudice in not receiving such an evaluation. The court noted that there may have been some question in the petitioner's mind as to the length of her sentence. However, after the petitioner filed a Rule 35 motion to reduce her sentence, the court stated the petitioner could not deny she knew she was receiving a twenty-year sentence. The post-conviction court, after considering the testimony of trial counsel, found the petitioner made a knowing, voluntary, and intelligent plea of guilty. The petitioner now brings this post-conviction appeal.

## Analysis

The petitioner contends that she received ineffective assistance of counsel because trial counsel (1) failed to request a mental evaluation for the petitioner, (2) failed to properly investigate the case before trial, and (3) failed to bring forth evidence of an accomplice. The petitioner argues that she thought she would receive a sixty-year to seventy-year sentence if she did not plead guilty and that she had been on several medications, which rendered her plea involuntary and unknowing.

The claim of ineffective assistance of counsel is a mixed question of law and fact and is subject to de novo review; however, we review the findings of the trial court with a presumption of correctness unless the evidence preponderates otherwise. Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001). The judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). The trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). The credibility of witnesses and the weight and value to be afforded their testimony are questions to be resolved by the post-conviction court and, on appeal, the burden is on the petitioner to prove that the evidence preponderates against the post-conviction court's findings. Henley, 960 S.W.2d at 579.

To prevail on a claim of ineffective assistance of counsel, the petitioner bears the burden of proving both that trial counsel's performance was deficient and that the deficiency prejudiced the petitioner. Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996). To establish that trial counsel performed deficiently, the petitioner must show that counsel's performance was below the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). The petitioner must also show that his trial counsel's performance prejudiced the defense, resulting in a failure to produce a reliable result. Strickland v. Washington, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984); Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993).

When evaluating an ineffectiveness of counsel claim, the reviewing court should judge the attorney's performance within the context of the case as a whole, taking into account all relevant circumstances. Strickland, 466 U.S. at 690; State v. Mitchell, 753 S.W.2d 148, 149 (Tenn. Crim. App. 1988). The reviewing court must indulge strong presumption that the conduct of counsel falls within the range of reasonable professional assistance. Strickland, 466 U.S. at 690, 104 S. Ct. at 2066. In reviewing the claims of the petitioner, this Court must be highly deferential and "should indulge a strong presumption that the counsel's conduct falls within the wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462.

First, the petitioner claims that her trial counsel failed to investigate the allegations that she had an accomplice who might have provided helpful information for the petitioner's defense. Petitioner's trial counsel testified that he knew of an accomplice, but that the mere fact she was involved with an accomplice did not diminish the petitioner's culpability for the crimes she

committed. The petitioner did not offer testimony of any accomplice at her post-conviction hearing or offer proof of how she was prejudiced. "When a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990); see also Scott v. State, 936 S.W.2d 271, 273 (Tenn. Crim. App. 1996). As a general rule, this is the only way the petitioner can establish that (1) a material witness existed who could have been discovered but for counsel's negligent investigation of the case; (2) a known witness was not interviewed; (3) the failure to discover or interview the witness caused him prejudice; or (4) the failure to present a known witness resulted in the denial of critical evidence which caused the petitioner prejudice. Black, 794 S.W.2d at 757. Here, testimony supports the post-conviction court's findings that the petitioner's trial counsel was well-informed and was effective in his representation of the petitioner.

Second, the petitioner claims that her trial counsel performed deficiently in failing to obtain a mental evaluation for her. Petitioner's trial counsel testified that he was familiar with raising an insanity defense and did not want to bring forth a frivolous claim. He testified that he counseled the petitioner on raising such a defense and concluded that a mental exam was not warranted. This Court has previously held that trial counsel's performance cannot be deemed deficient for failure to secure a mental evaluation in the absence of a factual basis to support a mental evaluation. See Edward A. Wooten v. State, 1998 Tenn. Crim. App. LEXIS 564, No. 01C01-9702-CC-00067 (Tenn. Crim. App. Filed May 21, 1998 at Nashville); State v. Kerley, 820 S.W.2d 753, 755 (Tenn. Crim. App. 1991). The petitioner did not present expert medical testimony at her post-conviction hearing to support her contention. The post-conviction court found that the petitioner's trial counsel had no reason to obtain a mental evaluation, as it was not necessary in the preparation of her defense. The post-conviction court stated that even if a mental evaluation had been done, it would not have resulted in a different outcome. We agree with the post-conviction court that the petitioner has not met her burden of establishing that her counsel's performance was deficient in this regard.

Lastly, the petitioner contends that she did not knowingly and voluntarily enter a plea of guilty. She contends she was unaware of the terms of her plea agreement and was under the influence of medications when she entered her plea of guilty. The record reflects the petitioner made a knowing, intelligent, and voluntary plea of guilty.

In determining whether a petitioner's guilty plea was knowing and voluntary, this Court must look at the totality of the circumstances. State v. Turner, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995). This Court "is bound by the post-conviction court's findings unless the evidence preponderates otherwise." Bates v. State, 973 S.W.2d at 615, 631. The post-conviction court noted that it must assume that the lower court did not detect that the petitioner was under the influence of medication at her plea hearing. We may neither reweigh nor reevaluate the evidence nor substitute our own inferences for those drawn by the trial court. Henley, 960 S.W.2d at 578. Testimony revealed the petitioner affirmed her plea agreement as explained by the State and understood the terms of the plea. The post-conviction court determined that the petitioner entered her plea of guilty knowingly and voluntarily.

The petitioner has failed to meet her burden of proving that the evidence preponderates against the findings of the post-conviction court.

## **Conclusion**

For the aforementioned reasons, we affirm the judgment of the post-conviction court.

_____
JOHN EVERETT WILLIAMS, JUDGE